IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN WHEY PROTEIN,

                        Plaintiff,

    v.

NEW HORIZON NEUTRICEUTICALS,
ROB WISCOUNT, JOHN VANDENBRAAK,
ROBERT LAWRENCE, B.A.M.
MANUFACTURING, JEFFRET WHITT,
TODD DUMANSKI, and DR. LAWRENCE
LABS, L.L.C.,

                        Defendants.

ORDER

18-cv-822-wmc

---

       In this civil action, plaintiff Wisconsin Whey Protein asserts a slew of state law claim against defendants, purportedly under this court's diversity jurisdiction, 28 U.S.C. § 1332(a). The docket reflects a flurry of filings of motions to dismiss, followed by oppositions and amended pleadings, followed by motions to strike the amended pleadings, and other ancillary motions. Before the court can address any of these motions, it must first determine whether it has subject matter jurisdiction. Because the allegations in the complaint are insufficient to determine if there is complete diversity of citizenship between plaintiff and defendants, plaintiff will be given an opportunity to file a declaration, with supporting admissible evidence, demonstrating the citizenship of all LLC parties.

       "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for

want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiff contends that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (2nd Am. Compl. (dkt. #37).)[1] For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Unfortunately, plaintiff's allegations as to the citizenship of a number of the defendants prevent this court from determining whether there is complete diversity.

"The citizenship of an LLC is the citizenship of each of its members," yet plaintiff has not alleged the citizenship of any of the LLC parties' members, making it impossible to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). In its complaint, plaintiff identified Lawrence Labs, LLC as an "LLC." (2nd Am. Compl. (dkt. #58) ¶ 9.) Plaintiff, however, describes defendant New Horizon Nutraceuticals as a "corporation." (*Id.* at ¶ 2.) For BAM Manufacturing, plaintiff does not identify whether it is a corporation or LLC, or some other

---

[1] The court notes that defendants also challenge whether the amount in controversy requirement is satisfied, but the court will wait to address this argument in its opinion and order on the motions to dismiss. The court also notes that there are two pending motions to strike the second amended complaint; nonetheless, the court will treat that complaint as the operative pleading for the purpose of evaluating diversity.

business entity. Nonetheless, the parties' filings appear to demonstrate that these three business entity defendants are LLCs. As such, plaintiff's allegations as to the place of incorporation and principal place of business are wholly irrelevant in deciding the citizenship of a limited liability company. *See Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, plaintiff will be given leave to file within 14 days a declaration with supporting, admissible evidence that establishes subject matter jurisdiction by alleging the names and citizenship of each member of the LLCs. In alleging an LLC's citizenship, plaintiff should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

ORDER

IT IS ORDERED that:

1) plaintiff shall have until October 19, 2018, to file a declaration with supporting, admissible evidence sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to do so shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 5th day of October, 2018.

                        BY THE COURT:

                        /s/
                        _____
                        WILLIAM M. CONLEY
                        District Judge