WISCONSIN WHEY PROTEIN,

                    Plaintiff,                        ORDER

     v.

                                                  17-cv-822-wmc

NEW HORIZON NUTRACEUTICALS,
ROB WISCOUNT, JOHN VANDENBRAAK,
ROBERT LAWRENCE, B.A.M.
MANUFACTURING, JEFFRET WHITT,
TODD DUMANSKI, and DR. LAWRENCE
LABS, L.L.C.,

                    Defendants.

---

The court previously directed plaintiff Wisconsin Whey Protein to file a declaration with supporting, admissible evidence sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff's response reflects a fundamental misunderstanding of (1) the court's order, (2) the jurisdictional requirements of § 1332, and (3) plaintiff's obligation to gather information pre-suit sufficient to assert allegations in good faith.

*First*, as the court previously explained, "[t]he citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007); *see also Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009) (explaining that allegations as to the place of incorporation and principal place of business are wholly irrelevant in deciding the citizenship of a limited liability company). In the second amended complaint, plaintiff asserts claims against three LLC defendants but fails to identify their members (or at least all of their members) and, as a result, fails to identify

the citizenship of those members.

For defendant New Horizon Nutraceuticals, plaintiff represents that it admitted that it was a Pennsylvania Corporation, but plaintiff also acknowledges that it is an LLC, organized under the laws of California. Given its status as an LLC, plaintiff must identify its members and allege their respective citizenships. Other than to note that defendant Robert Lawrence is an owner and resident of California, plaintiff has failed to meet this obligation.[1] As for defendant Dr. Lawrence Labs LLC, plaintiff also relies on it being a "limited liability corporation in California" and also identifies defendant Robert Lawrence as an owner, but stops short of alleging that Lawrence is the *sole* member or identifying the other members and their respective citizenship. Finally, with respect to defendant B.A.M. Manufacturing, plaintiff states that it is a "Pennsylvania corporation," but then also states that it is a "limited liability company."[2] From the materials attached to plaintiff's submission, it appears that it is a limited liability company. As the court has already explained, therefore, its citizenship is determined by that of its members, and again, plaintiff has failed to identify its members or the citizenship of its members.[3]

---

[1] Moreover, later in its filing, plaintiff states the defendant Dr. Lawrence Labs LLC is an owner of New Horizons Nutraceuticals. (Pl.'s Br. (dkt. #105) 5.)

[2] Plaintiff's filing suggests a lack of knowledge as to the different types of business entities. *See generally* Robert W. Hamilton & Jonathan R. Macey, *Cases and Materials on Corporations Including Partnerships and Limited Liability Companies* (8th ed. 2003).

[3] In its submission, plaintiff also alleges the residency of the individual defendants. While the court will assume that "residency" is the same as "domicile," plaintiff should be aware that the citizenship of an individual is his or domicile (the place he or she intends to live longer term), which sometimes can be distinct for residency. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (domicile is "the state in which a person intends to live over the long run" and "[a]n allegation of 'residence' is therefore deficient").

*Second*, plaintiff's submission also represents a fundamental misunderstanding of diversity jurisdiction itself. Plaintiff seems to maintain that the court could evaluate the diversity requirement with respect to each of the defendants separately, but that is not the rule. Instead, for this court to exercise subject matter jurisdiction over this action, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). Unless plaintiff wishes to dismiss the claims outright three LLC defendants, for which citizenship still has not been alleged properly, or can do so, then the court lacks jurisdiction over the *entire* action.

*Third*, plaintiff attempts to excuse its failure by explaining that two of the three LLC defendants have yet to answer (though they have moved to dismiss the complaints), and that discovery is yet to commence. This reflects yet another equally basic misunderstanding of diversity jurisdiction. The basis for this court's subject matter jurisdiction must be alleged in good faith *in the complaint*. *See Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir. 1999) ("A bare recitation that subject matter jurisdiction exists is insufficient."). Moreover, information as to the members of an LLC is routinely publicly available on a state-sponsored website collecting documents for registered LLCs and other unassociated entities.

Still, the court is reluctant to dismiss this case for lack of subject matter jurisdiction where it may exist. **Accordingly, plaintiff will be provided *one last opportunity* to file a declaration with supporting, admissible evidence sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction**

**under 28 U.S.C. § 1332. If it fails to do so on or before October 26, 2018, this case will be dismissed for lack of subject matter jurisdiction.**

ORDER

IT IS ORDERED that:

1) plaintiff shall have until October 26, 2018, to file a declaration with supporting, admissible evidence sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to do so shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 19th day of October, 2018.

BY THE COURT:


/s/

_____
WILLIAM M. CONLEY
District Judge