IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN WHEY PROTEIN,

           Plaintiff,

v.

NEW HORIZON NUTRACEUTICALS,
ROB WISCOUNT, JOHN VANDENBRAAK,
ROBERT LAWRENCE, B.A.M.
MANUFACTURING, JEFFRET WHITT,
TODD DUMANSKI, and DR. LAWRENCE
LABS, L.L.C.,

           Defendants.

ORDER

17cv-822-wmc

---

As detailed in the court's prior orders (dkt. ##100, 106), plaintiff Wisconsin Whey Protein has repeatedly failed to allege the citizenship of the three LLC defendants to establish this court's subject matter jurisdiction under 28 U.S.C. § 1332. Having provided plaintiff two opportunities to address these defects, and having warned plaintiff that its failure to do so will result in dismissal for lack of subject matter jurisdiction (dkt. #106), the court has no choice but to dismiss this case without prejudice for lack of subject matter jurisdiction.

In its most recent attempt, plaintiff submits a declaration, acknowledging that each of the three entity defendants are LLCs, but still treating each as traditional corporations and alleging the citizenship of each based on their state of incorporation and principal place of business. (Fay Decl. (dkt. #110) ¶¶ 3, 6, 8.) As this court now has explained repeatedly, "[t]he citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). As such, these allegations

as to the place of incorporation and principal place of business are wholly irrelevant in deciding the citizenship of a limited liability company. *See Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

ORDER

IT IS ORDERED that:

1) This action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

2) The clerk of court is directed to close this case.

Entered this 30th day of October, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge