IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WISCONSIN WHEY PROTEIN,

                    Plaintiff,

  v.

NEW HORIZON NUTRACEUTICALS,
ROB WISCOUNT, JOHN VANDENBRAAK,
ROBERT LAWRENCE, B.A.M.
MANUFACTURING, JEFFRET WHITT,
TODD DUMANSKI, and DR. LAWRENCE
LABS, L.L.C.,

                    Defendants.

ORDER

17-cv-822-wmc

After providing plaintiff Wisconsin Whey Protein two opportunities to address pleading deficiencies with respect to the citizenship of the three LLC defendants, the court dismissed this case for lack of subject matter jurisdiction. (10/30/18 Order (dkt. #111).) Plaintiff has now filed a motion for reconsideration that still fails to address the citizenship of the LLC members. Instead, as it did before, plaintiff argues that discovery would provide an opportunity for plaintiff to determine the defendant LLC's members, and in turn their citizenship, making it unjust not to allow this case to proceed to discovery. (Pl.'s Mot. (dkt. #113).)[1]

"To prevail on a motion for reconsideration under [Federal Rule of Civil Procedure 59(e)], the movant must present either newly discovered evidence or establish a manifest

---

[1] Defendant Rob Wiscount also recently filed a notice of suggestion of bankruptcy. (Dkt. #115.) While the court might consider entering a stay under other circumstances, or at least a stay of the portion of case impacted by bankruptcy proceedings, this case is closed, and the only issue before the court is whether to reopen the case. Plus, having already found an absence of subject matter jurisdiction, the court lacks the authority to take any action in this case, other than to dismiss it.

error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (citation omitted). Rule 59(e) is not meant to allow the parties "merely to relitigate old matters." *Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993). Rule 59(e) may be used neither to raise novel legal theories that should have been presented earlier, *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995), nor to "provide a vehicle for a party to undo its own procedural failures," *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (citation omitted).

Here, plaintiff not only fails to identify a manifest error, to the contrary, it simply reiterates the arguments previously made and rejected. Nonetheless, the court will address plaintiff's citations to additional cases that it contends supports reconsideration. Unsurprisingly, none of these cases authorize a federal court to set aside obvious defects in its subject matter jurisdiction requirement to allow parties to proceed with discovery. As an initial matter, cases relaxing the standard for pleading fraud under Federal Rule of Civil Procedure 9(b) because the plaintiff lacks certain information have *no* application here, since the defect goes to relaxing a pleading requirements, not a fundamental jurisdictional requirement. (Pl.'s Mot. (dkt. #113) 8-9 (citing *Katz v. Household*, 91 F.3d 1036 (7th Cir. 1996); *Emery v. Am. Gen'l Fin.*, 134 F.3d 1321 (7th Cir. 1998); *Pirelli Armstrong Tire v. Walgreen*, 631 F.3d 436 (7th Cir. 2011)).) Similarly, cases considering the standard that applies to Federal Rule of Civil Procedure 12(b)(6) motions are *not* relevant to considering whether the court can exercise subject matter jurisdiction over this action. (*See id.* at 11-

2

12 (citing *Virnich v. Vorwald*, 664 F.3d 206 (7th Cir. 2011); *Onyiah v. St. Cloud State Univ.*, 655 F. Supp. 2d 948 (D. Minn. 2009)).)

Plaintiff also attempts to distinguish the cases cited previously by the court in explaining the requirements for pleading the citizenship of an LLC for purposes of establishing a diversity of citizenship because they concerned appeals from summary judgment decisions. (*See id.* at 12-13 (citing *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989 (7th Cir. 2007); *Hukic v. Aurora Loan Serv.*, 588 F.3d 420 (7th Cir. 2009)).) Unfortunately for plaintiff, this is a distinction without a difference. In both cases, the Seventh Circuit first considered whether it had subject matter jurisdiction *before* turning to the merits of the district court's summary judgment decisions. In those cases, the party with the burden alleging diversity had adequately alleged -- or responded to requests for additional information from the Seventh Circuit that were similar to those made by this court to plaintiff to establish the citizenship of the LLC defendants. Only after assuring that it had subject matter jurisdiction over the case did the Seventh Circuit proceed to consider the merits. *See Camico Mut. Ins.*, 474 F.3d at 992; *Hukic*, 588 F.3d at 427.

As the court previously explained to plaintiff, absent subject matter jurisdiction, this case cannot proceed in federal court. "The basis for this court's subject matter jurisdiction, however, must be alleged in good faith in the complaint." (10/19/18 Order (dkt. #106) 3 (citing *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir. 1999).)

ORDER

IT IS ORDERED that plaintiff Wisconsin Whey Protein's motion for reconsideration (dkt. #113) is DENIED.

Entered this 17th day of April, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge